**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000521**
**17-JAN-2019**
**09:48 AM**

NO. CAAP-17-0000521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JENNIFER J. PREZA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(EWA DIVISION)
(CASE NO. 1DTC-16-015490)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Jennifer J. Preza (**Preza**) appeals
from a June 5, 2017 Notice of Entry of Judgment and/or Order and
Plea/Judgment (**Judgment**), entered by the District Court of the
First Circuit, Ewa Division (**District Court**).[1] The District Court
convicted Preza of one count of accidents involving damage to
vehicle or property, in violation of Hawaii Revised Statutes
(**HRS**) § 291C-13 (Supp. 2017).[2] As part of Preza's sentence, the

---

[1] The Honorable Dyan K. Mitsuyama presided at trial, and the Honorable
Alvin K. Nishimura entered the Judgment.

[2] HRS § 291C-13 (Supp. 2017) provides in relevant part:

> The driver of any vehicle involved in an accident
> resulting only in damage to a vehicle or other property that
> is driven or attended by any person shall immediately stop
> such vehicle at the scene of the accident or as close
> thereto as possible, but shall forthwith return to, and in

(continued...)

District Court ordered Preza to pay restitution in the amount of $500.

Preza raises three points of error on appeal, contending that the District Court erred in: (1) refusing to admit Preza's photos of her vehicle; (2) shifting the burden of proof to Preza to prove that her vehicle was not damaged; and (3) imposing restitution where there was no nexus between the conduct charged and the damages to the other driver's (**Complainant's**) vehicle.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Preza's points of error as follows:

(1) Preza laid a sufficient foundation for admission of the photographs taken of her vehicle when she testified that she took them on November 1, 2016, and that they accurately depicted the condition of her vehicle on the date of the alleged

---

[2](...continued)
every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14.

HRS § 291C-14(a) (2007) provides in relevant part:

The driver of any vehicle involved in an accident resulting in . . . damage to any vehicle or other property which is driven or attended by any person shall give the driver's name, address, and the registration number of the vehicle the driver is driving, and shall upon request and if available exhibit the driver's license or permit to drive to . . . the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give such information and upon request exhibit such license or permit to any police officer at the scene of the accident or who is investigating the accident[.]

accident. See Hawai'i Rules of Evidence (**HRE**) Rule 901(a) and (b)(1) and Commentary to HRE Rule 901. Preza demonstrated their relevance by arguing that they made it less probable an accident occurred because they showed no damage to her vehicle after the incident. See HRE Rule 401. Accordingly, we conclude that the District Court abused its discretion in refusing to admit the photographs into evidence.

However, we further conclude that the District Court's error was harmless. Taking into account the amount of time that elapsed between the date of the incident and when the photographs were taken (roughly six weeks later), the overwhelming evidence showing that an accident occurred, and the District Court's finding that Complainant was credible and Preza was not credible, there is no reasonable probability that the omission contributed to Preza's conviction. See State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002).

(2) Preza argues that the District Court erred in shifting the burden of proof to her, when it found she failed to present any photographs showing an absence of damage to her vehicle on the date of the incident. We conclude that the District Court's finding did not shift the burden of proof to Preza but, rather, pertained to whether Preza raised reasonable doubt that the accident occurred, after the State adduced evidence that an accident occurred involving Preza and the Complainant and Preza failed to stop at or return to the scene.

(3) Pursuant to the plain language of HRS § 291C-13, the conduct element of the charged offense is failing to

immediately stop at the scene of the accident or as close thereto as possible and either remain at or return to the scene until the requirements of HRS § 291C-14 are fulfilled. See HRS § 291C-13. Restitution may be ordered only for losses suffered as a result of the defendant's offense. See HRS § 706-646 (Supp. 2014); State v. Phillips, 138 Hawai'i 321, 352, 382 P.3d 133, 164 (2016). Here, the evidence shows Complainant's vehicle was damaged during the accident. Preza committed the offense after the accident occurred. No evidence was adduced to show Preza's failure to stop at or return to the scene contributed to the damage. Therefore, we conclude that the State failed to meet its burden to establish a causal connection between the restitution requested and the offense charged, and the District Court abused its discretion in ordering restitution. See State v. DeMello, 130 Hawai'i 332, 343, 310 P.3d 1033, 1044 (App. 2013), rev'd in part on other grounds, 136 Hawai'i 193, 361 P.3d 420 (2015); State v. Domingo, 121 Hawai'i 191, 195, 216 P.3d 117, 121 (App. 2009).

For these reasons, the District Court's June 5, 2017 Judgment is reversed as to the order for restitution, and the Judgment is otherwise affirmed.

DATED: Honolulu, Hawai'i, January 17, 2019.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge